UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANERAE V. BROWN, | No. 2:13-cv-2369 DAD P |
| Plaintiff, | |
| v. | ORDER AND |
| P. MARTINEZ et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

    Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on a motion to dismiss brought on behalf of defendant Martinez. Plaintiff has filed an opposition to the motion, and defendant has filed a reply. Plaintiff has also filed an unauthorized response to defendant's reply, which this court – in the interest of justice – has reviewed and considered.

    For the reasons discussed below, the undersigned finds that plaintiff's complaint fails to state a cognizable claim for relief against defendant Martinez. Accordingly, the undersigned will recommend that defendant Martinez's motion to dismiss be granted, and defendant Martinez be dismissed from this action.

/////

/////

/////

**BACKGROUND**

Plaintiff is proceeding on his original complaint against defendants Martinez, Harkness, Fish, Angulo, Kirch, Plainer, Perez, and Foulk.[1] In his complaint, plaintiff alleges that in July 2011, defendant Martinez openly displayed an interest in plaintiff and his cellmate inmate O'Reilly. According to plaintiff, he is a "public interest case inmate" because he is a former recording artist known as "X-Raided." Plaintiff alleges that defendant Martinez attempted to establish familiarity with him and inmate O'Reilly and eventually developed an inappropriate on-again off-again relationship of a sexual nature with inmate O'Reilly. (Compl. at 3 & 5.)

Plaintiff alleges that he introduced inmate O'Reilly to a female associate of his, and the two began corresponding. According to plaintiff, defendant Martinez became jealous and approached Investigative Services Unit ("ISU") Officer Wheeler and told him that inmate O'Reilly implied that he would pay her $12,000.00 to smuggle two iphones into the institution – one for him and one for plaintiff. ISU Officer Wheeler met with ISU Officer defendant Harkness, at which time they opened an investigation and devised a plan to intercept the money and contraband phones before they entered the institution. (Compl. at 5-6.)

On January 27, 2012, defendant Harkness completed his investigation into the matter. ISU staff escorted plaintiff and inmate O'Reilly to the program office, read them their Miranda rights, and placed them in administrative segregation. On February 8, 2012, defendant Fish issued plaintiff a Rules Violation Report ("RVR"), authored by defendant Harkness, charging plaintiff with the prison disciplinary offense of "Conspiracy to Bribe a Peace Officer." Plaintiff alleges that the report falsely stated that he wanted defendant Martinez to bring him two iphones with attachable microphones. (Compl. at 15-18, Ex. A(3).)

On March 2, 2012, plaintiff appeared before Senior Hearing Officer defendant Angulo. Plaintiff requested defendant Martinez appear as a witness at the hearing, but defendant Fish told

---

[1] Defendants Harkness, Fish, Kirch, Plainer, Perez, and Foulk are represented by separate counsel in this action. Defendant Angulo is also represented by separate counsel. Counsel for defendants Harkness, Fish, Kirch, Plainer, Perez, and Foulk and counsel for defendant Angulo have filed separate motions to dismiss on behalf of their clients. The court will address all three pending motions to dismiss in this action in separate findings and recommendations.

defendant Angulo that plaintiff had rescinded that request. Plaintiff said that he had done no such thing, but defendant Angulo explained that defendant Martinez was not available and her absence would not prejudice the hearing in any event. Plaintiff also attempted to give defendant Angulo a written statement, but she refused it and purportedly told plaintiff "It doesn't matter. I'm going to find you guilty anyway." (Compl. at 23-24, Ex. D.)

Prison officials found both plaintiff and inmate O'Reilly guilty of the conspiracy charge. On March 21, 2012, defendant Perez ordered inmate O'Reilly's RVR reissued and reheard because defendant Angulo had stipulated to witness testimony that was inconsistent with the witness's incident report. Defendant Kirch and defendant Plainer reviewed plaintiff's RVR and upheld plaintiff's guilty finding. On April 12, 2012, plaintiff received a six-month SHU term. Plaintiff administratively appealed his guilty finding and pointed to defendant Perez's memo to defendant Kirch ordering a reissuing and rehearing of inmate O'Reilly's RVR. In plaintiff's view, the only difference between him and inmate O'Reilly was their skin color and plaintiff's status as a recording artist. On May 24, 2012, defendant Foulk denied plaintiff's inmate appeal at the second level of review. On September 24, 2012, prison officials granted plaintiff relief at the third level of review and ordered his RVR reissued and reheard. On November 20, 2012, Senior Hearing Officer Sisson found plaintiff not guilty of the disciplinary violation and dismissed the RVR. Ultimately, plaintiff served two months in the SHU. (Compl. at 24-31, Exs. E-I, L, N.)

On May 23, 2012, Steven Leese, a Special Agent from Internal Affairs, interviewed plaintiff and stated he was investigating allegations of staff misconduct against defendant Martinez. Plaintiff explained the entire course of events that had taken place with respect to his RVR. Special Agent Leese informed him that both Internal Affairs and the Office of the Inspector General were investigating defendant Martinez. According to plaintiff, as a result of that investigation, the California Department of Corrections and Rehabilitation no longer employs defendant Martinez. (Compl. at 31.)

At screening, the court found that liberally construed plaintiff's complaint appeared to state a cognizable claim against defendants under the Fourteenth Amendment Due Process Clause and Equal Protection Clause. (Doc. No. 12)

3

**ANALYSIS**

I. <u>Motion Pursuant to Rule 12(b)(6)</u>

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. <u>North Star Int'l v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). <u>See</u> also <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg. Co. v. Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982); <u>see</u> also <u>Pena v. Gardner</u>, 976 F.2d 469, 471 (9th Cir. 1992).

/////

/////

## II. Discussion

In the pending motion to dismiss, counsel for defendant Martinez argues that plaintiff has failed to plead sufficient facts to state a cognizable claim for relief under the Fourteenth Amendment Due Process Clause or Equal Protection Clause. (Def.'s Mot. to Dismiss (Doc. No. 18) at 8-13.) Upon further review of plaintiff's complaint, and for the reasons set forth below, the court finds that argument to be persuasive.

As to plaintiff's due process claim against defendant Martinez, courts in the Ninth Circuit have consistently held that submission of false disciplinary reports against a prisoner does not implicate a liberty interest and therefore, does not rise to the level of a constitutional violation under the Fourteenth Amendment. See, e.g., Willis v. Beard, No. 2:14-cv-0573 AC P, 2015 WL 2095296 at *2 n.1 (E.D. Cal. May 5, 2015) ("Plaintiff's allegation that a false report was submitted against him does not implicate any protected liberty interest."); Dorava v. Gonzalez, No. EDCV 13-2282 AB(JC), 2015 WL 1757147 at *7 (C.D. Cal. Apr. 16, 2015) ("plaintiff's allegations that defendants . . . wrote a 'false' RVR . . .do not plausibly state a constitutional violation."); Morales v. Sherwood, No. 1:13-cv-01582 AWI GSA PC, 2015 WL 1821128 at *7 (E.D. Cal. Apr. 15, 2015) ("The falsification of a disciplinary report does not state a standalone constitutional claim."); Monroe v. Heinlen, No. CV 14-03202 SJO (DFM), 2014 WL 2931172 at *5 (C.D. Cal. June 27, 2014) ("to the extent Plaintiff seeks to allege a violation of his due process rights on the basis of a falsified RVR, such allegations do not state a claim."); Shallowhorn v. Gonzalez, No. 1:11-cv-00305 GBC (PC), 2012 WL 1551342 at *3 (E.D. Cal. Apr. 30, 2012) (dismissing with prejudice plaintiff's due process claim to the extent that he attempted to allege a liberty interest regarding submission of false reports against him), aff'd 514 Fed. Appx. 660, 2013 WL 1189422 (9th Cir. Mar. 25, 2013); Draper v. Rosario, No. CIV S-10-0032 KJM EFB P, 2012 WL 787576 at *4 (E.D. Cal. Mar. 9, 2012) (recommending dismissal of a due process claim based on defendant's allegedly false report, which led to plaintiff being found guilty and having to serve a seven-month term in the SHU), adopted by 2012 WL 1130683 (E.D. Cal. Mar. 30, 2012); Muhammad v. Rubia, No. C 08-3209 JSW (PR), 2010 WL 1260425 at *3 (N.D. Cal. Mar. 29, 2010) ("a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly

1  accused of conduct which may result in the deprivation of a protected liberty interest."), aff'd 453
2  Fed. Appx. 751, 2011 WL 4842546 (9th Cir. 2011).

3       In this case, plaintiff claims that defendant Martinez violated his right to due process by
4  falsely accusing him of conspiring with inmate O'Reilly to bribe her to smuggle two iphones into
5  the prison.  Plaintiff's case is indistinguishable from those cases cited above, which make clear
6  that the Due Process Clause does not guarantee that prisoners will be free from false disciplinary
7  accusations. See Shallowhorn, 2012 WL 1551342 at *3.  Accordingly, the undersigned will
8  recommend that plaintiff's due process claim against defendant Martinez be dismissed for failure
9  to state a cognizable claim for relief.

10       Where, as here, it is clear that the complaint suffers from pleading deficiencies that cannot
11  be cured by amendment, dismissal without leave to amend is appropriate.  See Chaset v.
12  Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation
13  by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot
14  be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002)
15  ("Because any amendment would be futile, there was no need to prolong the litigation by
16  permitting further amendment.").

17       Turning now to plaintiff's equal protection claim, plaintiff has clarified in his opposition
18  papers that he did not intend to assert a claim against defendant Martinez for discriminating
19  against him on the basis of his race.  (Pl.'s Response to Def.'s Reply at 4.)  Accordingly, the court
20  will recommend that any equal protection claim against defendant Martinez be dismissed.

21       Finally, the undersigned notes that plaintiff has argued in his opposition papers that his
22  complaint states a cognizable claim against defendant Martinez for retaliation and contends that
23  she submitted false disciplinary reports against him because he had written a letter to his wife and
24  had complained to ISU staff about defendant Martinez's inappropriate conduct with inmate
25  O'Reilly and other inmates.  Plaintiff is advised that an opposition to a motion to dismiss is not an
26  appropriate place to raise and/or argue new claims.  See Schneider v. Cal. Dep't of Corrs., 151
27  F.3d 1194, 1197 n.1 (9th Cir. 1998) ("The 'new' allegations contained in the inmates' opposition
28  motion, however, are irrelevant for Rule 12(b)(6) purposes.").  When this court screened

1  plaintiff's complaint, it found that it appeared to state a cognizable claim against defendants under
2  the Fourteenth Amendment Due Process Clause and Equal Protection Clause.  (Doc. No. 12)
3  Plaintiff did not file a motion for reconsideration of that order nor did he move to amend his
4  complaint at that time.
5      Moreover, the court has reviewed plaintiff's complaint in connection with defendant's
6  pending motion to dismiss, and he has not set forth any non-conclusory allegations in support of a
7  First Amendment retaliation claim.  See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir.
8  2000) (a retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc,* literally,
9  "after this, therefore because of this.").  The chronology of events in this case also makes a
10 retaliation claim such as that suggested by plaintiff to be rather implausible.  In particular,
11 according to plaintiff's complaint, defendant Martinez approached ISU Officer Wheeler and first
12 implicated plaintiff and inmate O'Reilly in the alleged bribery scheme back in August 2011.
13 (Compl. at 5-6.)  Defendant Martinez also told defendant Harkness about the alleged bribery
14 scheme on October 1, 2011.  (Id. at 8.)  As a result of these conversations, prison officials devised
15 an ongoing plan to intercept the money and contraband phones before they entered the institution,
16 which ultimately led to plaintiff and inmate O'Reilly receiving the RVRs for "Conspiracy to
17 Bribe a Peace Officer."  (Id. at 6.)  In this regard, it is clear that any retaliatory accusations and
18 conduct as suggested by plaintiff in his opposition to the pending motion to dismiss would have
19 started well before plaintiff wrote any letter to his wife in January 2012, or discussed defendant
20 Martinez's alleged misconduct with Officer Harkness after Harkness had opened the investigation
21 into the alleged bribery scheme.  (Compl. at 5-6; Pl's Opp'n to Defs.' Mot. to Dismiss at 5-6.)
22 Plaintiff also makes clear in the allegations of his complaint that defendant Martinez had
23 approached Officer Wheeler in a "jealous fit" because inmate O'Reilly had recently visited with
24 plaintiff's female associate and not as a result of any purportedly protected conduct that plaintiff
25 had engaged in.  (Id. at 5.)
26     In sum, for all of the foregoing reasons, the undersigned will recommend that defendant
27 Martinez's motion to dismiss be granted and that defendant Martinez be dismissed from this
28 action.

**CONCLUSION**

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Defendant Martinez's motion to dismiss (Doc. No. 18) be granted; and

2. Defendant Martinez be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 7, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brow2369.57martinez