1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANERAE V. BROWN,                          No.  2:13-cv-2369 DAD P

12                  Plaintiff,

13        v.                                   ORDER AND

14   P. MARTINEZ et al.,                       FINDINGS AND RECOMMENDATIONS

15                  Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under

18   42 U.S.C. § 1983.  This matter is before the court on a motion to dismiss brought on behalf of

19   defendants Harkness, Fish, Perez, Kirch, Plainer, and Foulk.  Plaintiff has filed an opposition to

20   the motion, and defendants have filed a reply.

21        For the reasons discussed below, the undersigned finds that plaintiff's complaint fails to

22   state a cognizable claim for relief against the moving defendants.  Accordingly, the undersigned

23   will recommend that defendants' motion to dismiss be granted.  The court will also recommend,

24   however, that plaintiff be granted thirty days leave to file a supplemental complaint so that he

25   may attempt to cure the noted deficiency of his Fourteenth Amendment due process claim.

26   /////

27   /////

28   /////

1

**BACKGROUND**

Plaintiff is proceeding on his original complaint against defendants Martinez, Harkness, Fish, Angulo, Kirch, Plainer, Perez, and Foulk.[1]  In his complaint, plaintiff alleges as follows.  In July 2011, defendant Martinez openly displayed an interest in plaintiff and his cellmate inmate O'Reilly.  According to plaintiff, he is a "public interest case inmate" because he is a former recording artist known as "X-Raided."  Defendant Martinez attempted to establish familiarity with him and inmate O'Reilly and eventually developed an inappropriate on-again off-again relationship of a sexual nature with inmate O'Reilly.  (Compl. at 3 & 5.)  Plaintiff introduced inmate O'Reilly to a female associate of his, and the two began corresponding.  Defendant Martinez became jealous and approached Investigative Services Unit ("ISU") Officer Wheeler and told him that inmate O'Reilly implied that he would pay her $12,000.00 to smuggle two iphones into the institution – one for him and one for plaintiff.  ISU Officer Wheeler met with ISU Officer defendant Harkness, at which time they opened an investigation and devised a plan to intercept the money and contraband phones before they entered the institution.  (Compl. at 5-6.)

On January 27, 2012, defendant Harkness completed his investigation into the matter.  ISU staff escorted plaintiff and inmate O'Reilly to the program office, read them their <u>Miranda</u> rights, and placed them in administrative segregation.  On February 8, 2012, defendant Fish issued plaintiff a Rules Violation Report ("RVR"), authored by defendant Harkness, charging plaintiff with the prison disciplinary offense "Conspiracy to Bribe a Peace Officer."  Plaintiff claims that the report falsely stated that he wanted defendant Martinez to bring him two iphones with attachable microphones.  (Compl. at 15-18, Ex. A(3).)

On March 2, 2012, plaintiff appeared before Senior Hearing Officer defendant Angulo.  Plaintiff requested defendant Martinez as a witness, but defendant Fish told defendant Angulo that plaintiff had rescinded that request.  Plaintiff said that he had done no such thing, but defendant Angulo explained that defendant Martinez was not available to appear as a witness and

---

[1]  Defendants Martinez and Angulo are represented by separate counsel in this action.  Counsel for defendant Martinez and counsel for defendant Angulo have filed separate motions to dismiss on behalf of their clients.  The court will address all three pending motions to dismiss in separate findings and recommendations.

1   that her absence would not prejudice the hearing in any event.  Plaintiff also attempted to give

2   defendant Angulo a written statement, but she refused it and purportedly told plaintiff "It doesn't

3   matter.  I'm going to find you guilty anyway."  (Compl. at 23-24, Ex. D.)

4           Prison officials found both plaintiff and inmate O'Reilly guilty of the conspiracy

5   disciplinary charge.  On March 21, 2012, defendant Perez ordered inmate O'Reilly's RVR

6   reissued and reheard because defendant Angulo had stipulated to witness testimony that was

7   inconsistent with the witness's incident report.  However, defendant Kirch and defendant Plainer

8   reviewed plaintiff's RVR and upheld plaintiff's guilty finding on the same charge.  On April 12,

9   2012, plaintiff received a six-month SHU term.  Plaintiff administratively appealed his guilty

10  finding and pointed to defendant Perez's memo to defendant Kirch ordering a reissuing and

11  rehearing of inmate O'Reilly's RVR.  In plaintiff's view, the only difference between him and

12  inmate O'Reilly was their skin color and plaintiff's status as a recording artist.  On May 24, 2012,

13  defendant Foulk denied plaintiff's appeal at the second level of review.  However, on September

14  24, 2012, prison officials granted plaintiff relief at the third level of review and ordered his RVR

15  reissued and reheard.  On November 20, 2012, Senior Hearing Officer Sisson found plaintiff not

16  guilty and dismissed the RVR.  Ultimately, plaintiff served two months in the SHU.  (Compl. at

17  24-31, Exs. E-I, L, N.)

18          On May 23, 2012, Steven Leese, a Special Agent from Internal Affairs, interviewed

19  plaintiff and stated he was investigating allegations of staff misconduct against defendant

20  Martinez.  Plaintiff explained the entire course of events that had taken place with respect to his

21  RVR.  Special Agent Leese informed him that both Internal Affairs and the Office of the

22  Inspector General were investigating defendant Martinez.  According to plaintiff, as a result of

23  that investigation, the California Department of Corrections and Rehabilitation no longer employs

24  defendant Martinez.  (Compl. at 31.)

25          At screening, the court found that liberally construed plaintiff's complaint appeared to

26  state a cognizable claim against defendants under the Fourteenth Amendment Due Process Clause

27  and Equal Protection Clause.  (Doc. No. 12)

28  /////

3

**ANALYSIS**

I. <u>Motion Pursuant to Rule 12(b)(6)</u>

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. <u>North Star Int'l v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). <u>See also</u> <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg. Co. v. Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982); <u>see also</u> <u>Pena v. Gardner</u>, 976 F.2d 469, 471 (9th Cir. 1992).

/////

/////

4

1    II.  Discussion

2         In the pending motion to dismiss, counsel for the moving defendants argues that plaintiff

3    has failed to plead sufficient facts to state a cognizable claim for relief against those defendants

4    under the Fourteenth Amendment Due Process Clause as well as under the Fourteenth

5    Amendment Equal Protection Clause against all of the defendants except defendants Perez and

6    Kirch.[2]  (Defs.' Mot. to Dismiss (Doc. No. 17) at 4-10.)  Upon further review of plaintiff's

7    complaint, and for the reasons set forth below, the court finds that argument to be persuasive.

8         As to plaintiff's due process claim against defendants, the Supreme Court has held that the

9    procedural protections guaranteed by the Fourteenth Amendment Due Process Clause only apply

10   when a constitutionally protected liberty or property interest is at stake.  See Wilkinson v. Austin,

11   545 U.S. 209, 221 (2005) see also Marsh v. County of San Diego, 680 F.3d 1148, 1155 (9th Cir.

12   2012); Brittain v. Hansen, 451 F.3d 982, 999-1000 (9th Cir. 2006).  The Due Process Clause itself

13   does not give prisoners a liberty interest in avoiding transfer to more adverse conditions of

14   confinement.  See Meachum v. Fano, 427 U.S. 215, 225 (1976).  However, states may create

15   liberty interests which are protected by the Due Process Clause.  These circumstances generally

16   involve a change in condition of confinement that imposes an "atypical and significant hardship

17   on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Connor, 515 U.S.

18   472, 484 (1995).

19        In Sandin, the Supreme Court held that a prisoner's thirty-day disciplinary segregated

20   confinement did not implicate a liberty interest because it did not present a "dramatic departure"

21   from the basic conditions of the prisoner's indeterminate sentence.  Sandin, 515 U.S. at 485.  In

22   so holding, the Court explained that the prisoner's segregated confinement, with insignificant

23   exceptions, was essentially the same as the conditions imposed on inmates in administrative

24   segregation.  See id. at 486.  In addition, the Court explained that the state in that case had

25   ultimately expunged the prisoner's disciplinary record of the more serious charge, and the

26   prisoner had not suffered a "major disruption in his environment" both in terms of duration and

27   _____

28   [2]  In addition to filing the pending motion to dismiss, defendants Perez and Kirch have filed an
     answer.  (Doc. No. 16)

1    degree of restriction.  See id.  Finally, the Court explained that the state's actions in the case

2    would not affect the duration of plaintiff's sentence.  See id. at 487.

3         In this case, plaintiff claims that the moving defendants denied him due process in

4    connection with the issuing, hearing, and review of his RVR, which resulted in his serving a two

5    month SHU term.  (Compl. at 17-32.)  However, plaintiff has not alleged that he had a liberty

6    interest at stake in avoiding his temporary disciplinary segregation in the SHU.  Specifically,

7    plaintiff has not alleged facts describing how his SHU conditions rose to the level of an "atypical

8    and significant hardship" on him.  See Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003)

9    ("Sandin requires a factual comparison between conditions in general population or

10   administrative segregation (whichever is applicable) and disciplinary segregation, examining the

11   hardship caused by the prisoner's challenged action in relation to the basic conditions of life as a

12   prisoner."); Resnick v. Hayes, 213 F.3d 443, 448-49 (9th Cir. 2000) (affirming the dismissal of

13   federal prisoner's complaint because he had not alleged a liberty interest in not being held in the

14   SHU pending a disciplinary hearing).  In this regard, plaintiff's temporary disciplinary

15   segregation in the SHU may well have been "within the range of confinement to be normally

16   expected" by prisoners "in relation to the ordinary incidents of prison life."  Sandin, 415 U.S. at

17   486-87.  See also Jackson, 353 F.3d at 755 ("What less egregious condition or combination of

18   conditions or factors would meet the test requires case by case, fact by fact consideration.").

19        Unless there is a protected liberty interest at stake, the court need not reach question of

20   what process plaintiff was due.  See Wilkinson, 545 U.S. at 221 ("We need reach the question of

21   what process is due only if the inmates establish a constitutionally protected liberty interest ….").

22   Accordingly, the undersigned will recommend that plaintiff's due process claim against the

23   moving defendants be dismissed.  However, plaintiff may be able to cure the noted deficiency of

24   his complaint.  Accordingly, the undersigned will also recommend that plaintiff be granted leave

25   to file a supplemental complaint.  In any supplemental complaint plaintiff elects to file, he will

26   need to allege facts that, if proven, would demonstrate that his alleged deprivation (i.e., his

27   /////

28   /////

1   temporary disciplinary segregation in the SHU) resulted in him suffering an "atypical and

2   significant hardship" that might have conceivably created a liberty interest.[3]

3           Turning now to plaintiff's equal protection claim, the Supreme Court has held that the

4   Equal Protection Clause "is essentially a direction that all persons similarly situated should be

5   treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985).

6   "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from

7   invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  To

8   state a cognizable claim under the Equal Protection Clause, a prisoner "must plead intentional

9   unlawful discrimination or allege facts that are at least susceptible of an inference of

10  discriminatory intent." Monteiro v. Tempe Union High School District, 158 F.3d 1022, 1026 (9th

11  Cir. 1998).  "Intentional discrimination means that a defendant acted at least in part *because of* a

12  plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (emphasis in

13  original) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)).

14          In this case, as noted above, plaintiff claims that the moving defendants did not provide

15  him with due process in connection with the issuing, hearing, and review of his RVR.  However,

16  plaintiff has not alleged any facts in his complaint in connection with his claims indicating that

17  defendants Harkness, Fish, Plainer, and Foulk intentionally discriminated against him based on

18  his race.  Plaintiff makes clear in his complaint that defendant Harkness treated plaintiff and

19  inmate O'Reilly the same by issuing them the same RVR.  In addition, although plaintiff takes

20  issue with both the conduct and decisions made during his disciplinary hearing and the inmate

21  appeals process by defendants Fish, Plainer, and Foulk, he has not alleged in his complaint that

---

22  [3]  Given the lengthy and detailed nature of plaintiff's original complaint, the undersigned is

23  recommending that plaintiff be granted leave to file a supplemental complaint instead of an
    amended complaint (that is complete in and of itself).  In any supplemental complaint, plaintiff

24  need not repeat the allegations of his original complaint.  Rather, he need only allege the
    additional facts necessary, if he is able to do so, to specify how his alleged deprivation constituted

25  an atypical and significant hardship on him in relation to the ordinary incidents of prison life.
    The undersigned notes that it has issued separate findings and recommendations reaching the

26  same conclusion with respect to plaintiff's due process claim against defendant Angulo.  If the
    assigned district judge adopts both of the undersigned's findings and recommendations on

27  plaintiff's due process claims, plaintiff need only file one supplemental complaint containing the
    relevant new allegations against all remaining defendants.

28

1   they treated inmate O'Reilly better.  Rather, in his opposition to defendant Martinez's pending

2   motion to dismiss plaintiff confirmed how similarly situated and treated he and inmate O'Reilly

3   were by stating as follows:

> They were both placed in ASU for Conspiracy to Bribe a Peace
> Officer; they were issued identical RVRs; they were assigned the
> same Investigative Employee (Fish); they were issued identical
> Incident Reports; they had the same hearing officer; they had their
> respective hearings on the same day; the hearing officer alleged that
> they both had rescinded their initial requests for Martinez to appear
> at the hearing; the hearing officer attempted to intimidate them both
> into rescinding their requests for Martinez to be present at the
> hearing; they were both denied the right to call Martinez as a
> witness; the hearing officer stipulated to Martinez's witness
> testimony at both of their hearings, specifically that they both "did
> not have a conversation with her"; and they were both found guilty.

11   (Pl.'s Opp'n to Def. Martinez's Mot. to Dismiss at 10.)

12          According to plaintiff, he received identical treatment to inmate O'Reilly except when

13   defendants Kirch and Perez reviewed their guilty findings on the disciplinary charges brought

14   against them.  (Compl. at 26.)  In this regard, plaintiff has not alleged that defendants Harkness,

15   Fish, Plainer, and Foulk treated him differently from inmate O'Reilly on the basis of his race for

16   purposes of an equal protection claim.  Accordingly, the undersigned will recommend that

17   plaintiff's equal protection claim against defendants Harkness, Fish, Plainer, and Foulk be

18   dismissed for failure to state a cognizable claim for relief.  In addition, it is clear that the

19   complaint suffers from pleading deficiencies with respect to plaintiff's equal protection claim that

20   cannot be cured by amendment. Accordingly, the undersigned will recommend dismissing that

21   claim without leave to amend.  See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir.

22   2002) (there is no need to prolong the litigation by permitting further amendment where the

23   "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v.

24   Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be

25   futile, there was no need to prolong the litigation by permitting further amendment.").

26          Finally, the court notes that plaintiff has argued in his opposition to the pending motion

27   that the moving defendants retaliated against him when they issued, heard, and reviewed his RVR

28   because he had reported defendant Martinez to the proper authorities.  Plaintiff is advised that an

8

1   opposition to a motion to dismiss is not an appropriate place to raise and argue new claims.  See

2   Schneider v. Cal. Dep't of Corrs., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("The 'new'

3   allegations contained in the inmates' opposition motion, however, are irrelevant for Rule 12(b)(6)

4   purposes.").  When this court screened plaintiff's original complaint, it found that it appeared to

5   state a cognizable claim against defendants under the Fourteenth Amendment Due Process Clause

6   and Equal Protection Clause.  (Doc. No. 12)  Plaintiff did not file a motion for reconsideration of

7   that order or a motion to amend his complaint at that time.

8        Moreover, the court has reviewed plaintiff's complaint in connection with defendants'

9   pending motion to dismiss, and he has not set forth any non-conclusory allegations therein in

10   support of a First Amendment retaliation claim against the moving defendants.  See Huskey v.

11   City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (a retaliation claim cannot rest on the logical

12   fallacy of *post hoc, ergo propter hoc,* literally, "after this, therefore because of this.").

13   Specifically, plaintiff has not alleged the crucial causal link between him reporting defendant

14   Martinez to the proper authorities and defendants alleged misconduct when they issued, heard,

15   and reviewed his RVR.  See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  At most,

16   in his opposition to defendants' motion to dismiss, plaintiff merely speculates that defendants

17   retaliated against him because of his allegations against defendant Martinez.

18        In sum, plaintiff's complaint fails to state a cognizable claim for relief under the

19   Fourteenth Amendment Due Process Clause or Equal Protection Clause.  Accordingly, the

20   undersigned will recommend that defendants' motion to dismiss be granted.  However, because

21   plaintiff may be able to cure the deficiency of his complaint with respect to his due process

22   claim, the undersigned will recommend that plaintiff be granted thirty days leave to file a

23   supplemental complaint to allege facts that, if proven, would demonstrate that he had a liberty

24   interest in avoiding his temporary disciplinary segregation in the SHU.[4]

25   /////

26   _____

27   [4]  In light of these findings and recommendations, the undersigned declines to address defendants'
alternative arguments that plaintiff received all the process he was due and that defendants are
entitled to qualified immunity.  Defendants may renew such arguments in a response to plaintiff's
28   supplemental complaint if appropriate.

**CONCLUSION**

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (Doc. No. 17) be granted; and

2. Plaintiff be granted thirty days leave from the date of any order adopting these findings and recommendations to file a supplemental complaint for the limited purpose of curing the deficiency of his due process claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 7, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brow2369.57state

10